IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK13-81894 |
| MIDLAND PROPERTIES, LLC and<br>JERRY J. MORGAN, SR., | CH. 11 |
| Debtor. | |
| JERRY J. MORGAN, SR., | ADV. PROC. 17-8017 |
| Plaintiff, | |
| vs. | |
| SPECIALIZED LOAN SERVICING LLC,<br>a Delaware limited liability company;<br>WELLS FARGO HOME MORTGAGE, INC.,<br>d/b/a America's Servicing Company;<br>BANK OF NEW YORK MELLON<br>CORPORATION; and WELLS FARGO,<br>N.A., d/b/a America's Servicing Company, | |
| Defendants. | |

**ORDER DENYING MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

    The Plaintiff, Jerry J. Morgan, Sr., seeks an ex-parte temporary restraining order (Fil. #39) to prevent a trustee's sale of certain real estate from taking place on December 11, 2017. James R. McVay represents the Plaintiff; Patrick R. Turner represents Defendants Specialized Loan Servicing, LLC and Bank of New York Mellon; and Jennifer L. Andrews represents Defendants Wells Fargo Home Mortgage, Inc. and Wells Fargo, N.A.

    The court has carefully reviewed the motion and related filings and finds that the motion should be DENIED.

    The Plaintiff alleges, in pertinent part, that:

    1.    He owns and lives in the real property at 1426 South 163rd Street, Omaha, Nebraska ("Property").

    2.    The Defendants are the owners and/or servicers of the mortgage loan on the Property.

    3.    The interest rate on the mortgage loan was modified through a confirmed Chapter 11 plan in the jointly administered bankruptcy of the Plaintiff and Midland Properties, LLC, which was subsequently dismissed.

   4. That the Defendants have been charging the incorrect interest rate under the confirmed plan and have incorrectly required escrow deposits for real estate taxes.

   5. That due to the Defendants charging the incorrect interest rate and requiring escrow deposits that are not owed, the Plaintiff ceased making payments on the mortgage loan in 2014.

   Accordingly, the Plaintiff believes this court should enter a temporary restraining order and a preliminary injunction to stop the Defendants from foreclosing on the Property. I disagree.

   Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), when determining whether to issue a temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d at 114.

   The analysis of these factors must be made in the context of the history of movant's prior actions in this court. In addition to being a party to the bankruptcy cases referenced in this adversary proceeding and the pending motion, movant also filed a bankruptcy case in 2016 (following dismissal of the jointly administered cases of Jerry Morgan, Sr. and Midland Properties, LLC), under the name of Midland Properties II, LLC. That case was quickly dismissed as an abuse of the bankruptcy process and sanctions were issued by this court against Mr. Morgan, his company, and his attorney. With that background, the Plaintiff now seeks the extraordinary remedy of an ex-parte temporary restraining order from this court based on what he believes is the Defendants' failure to comply with the terms of the confirmed Chapter 11 plan.

   In evaluating the threat of irreparable harm to the Plaintiff, it is not at all clear that the Plaintiff even has standing to bring the claims in his complaint. The complaint asserts that this loan was treated in Class 4 of the confirmed plan. However, the provisions of that portion of the confirmed Chapter 11 plan expressly state that the Property in that class is owned by Midland Properties, LLC. At no point does the Plaintiff assert any transfer of title to the Property from Midland to the Plaintiff. Thus, it is not evident that the Plaintiff will suffer any harm. The Plaintiff also asserts that the Property is his homestead, but Class 4 of the confirmed plan refers to it as investment property. The Plaintiff's allegations in the complaint are inconsistent with the terms of the confirmed plan that the Plaintiff is trying to enforce.

   In balancing the potential harm to the Plaintiff against the potential injury to the Defendants, the court is cognizant of the fact that the Defendants have not been paid on the subject mortgage loan for over three years. The Plaintiff admits in the complaint, as well as in the filings related to this motion, that he ceased making payment in 2014. Clearly, continued delay is a financial detriment to the Defendants.

   Even if the foregoing factors could be found in favor of the Plaintiff, the real deciding factor here is the lack of any probability of success on the merits. The Plaintiff repeatedly states that he ceased making payments in 2014: "Because the Defendants charged an improper rate of interest on the Mortgage Loan, escrowed amounts for real estate taxes that were not owed, and failed to provide

an accounting as requested." Clearly, that is a fabricated basis for ceasing payments as the plan which modified the interest rate was not even confirmed until March 2, 2015, which plan referred to this Property as investment property owned by Midland Properties, LLC.

In addition, the Plaintiff has wholly failed to assert that he is not in default under the terms of the mortgage loan or that he has paid the proper amounts due – or at least the amounts that he deems to be proper. While the Plaintiff may or may not have some claim that the Defendants failed to apply the proper interest rate to the loan, the fact remains that the Plaintiff did not pay anything since 2014 so no payments were improperly applied since that date. Unilaterally ceasing payment altogether on a valid obligation is not the proper remedy. To seek from this court a remedy such as a temporary restraining order and temporary injunction without asserting good faith performance on his own part is astonishing. The court will not enter a temporary restraining order to stop a foreclosure sale when the Plaintiff admits to being in default on the subject loan for over three years and fails to tender any performance or cure.

IT IS, THEREFORE, ORDERED: For the foregoing reasons, the motion for temporary restraining order is DENIED.[1]

DATED: December 8, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *James R. McVay
    Patrick R. Turner
    Jennifer L. Andrews
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] To be clear, this Order only determines that the Plaintiff has failed to present a sufficient basis for entry of a temporary restraining order. The court specifically does not pass judgment on whether the Defendants have or have not properly calculated the amounts due or gave proper notice of default and right to cure (which is not in evidence) or whether the Defendants have followed proper procedure under state law.